## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| JOSEPH PULLIAM, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>JEFF E. KRUEGER, Warden, )<br>)<br>Respondent. ) | Case No. 15-cv-1268 |

## O R D E R  &  O P I N I O N

This matter is before the Court on Petitioner Joseph Pulliam's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1). For the reasons stated below, it is clear that Petitioner is not entitled to relief under § 2241. Thus, this Petition must be dismissed.

### BACKGROUND

Petitioner is currently incarcerated at the Federal Correctional Institution in Pekin, Illinois. In 2008, Petitioner was convicted by a Missouri federal jury of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1) and possession of marijuana and methamphetamine in violation of 21 U.S.C. § 844(a). (Doc. 71 at 1, *United States v. Pulliam*, No. 6:07-cr-03047-ODS (W.D. Mo.)). He was sentenced to a total of fifteen years of imprisonment. His convictions and sentence were affirmed on appeal. *United States v. Pulliam*, 566 F.3d 784 (8th Cir. 2009), cert. denied, 130 S. Ct. 652 (2009).

At his sentencing, the court determined Petitioner was an armed career criminal with three prior convictions the court relied upon to impose a § 924(e)

sentencing enhancement. Petitioner was sentenced to terms of imprisonment of 180 months on each of the three counts for which he was convicted to run concurrently. *Pulliam*, 566 F.3d at 786. In sentencing Petitioner, the court found that one of Petitioner's offenses was unlawful use of a weapon by exhibition, which as defined under Missouri state law qualified as a "violent felony" for purposes of the Armed Career Criminal Act as expressed in 18 U.S.C. § 924(e) and the United States Sentencing Guidelines § 4B1.4. *Id.* at 787. At the sentencing, the court also considered that Petitioner had previously been convicted of arson, in which he not only burned down a home but also doused his then girlfriend with an accelerant, and assault, where he beat a victim with a rock and piece of wood, leaving the victim with serious injuries. (Doc. 79 at 8, *Pulliam*, No. 6:07-cr-03047-ODS (W.D. Mo.)).

Review of Petitioner's legal history reveals he has filed at least two previous motions under 28 U.S.C. § 2255. The first 2255 motion immediately followed his failed attempt at an appeal of his conviction. (*United States v. Pulliam*, No. 6-10-cv-03449 (W.D. Mo.)). The second 2255 motion came three years later and presented the argument that Petitioner's sentence could not stand in light of *Alleyne v. United States*, 133 S.Ct. 2151 (U.S. 2013). (*United States v. Pulliam*, No. 6-10-cv-03449 (W.D. Mo.)). In the latter 2255 motion, Petitioner argued his sentence enhancement under 18 U.S.C. 924(e) was improper because the court had only applied a preponderance of the evidence standard in assessing whether he had in fact been convicted of the qualifying offenses. The court dismissed Petitioner's second 2255

motion for lack of jurisdiction and did not assess the merits of the claim. (Doc. 2, *United States v. Pulliam*, No. 6-10-cv-03449 (W.D. Mo.)).

Petitioner now brings a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) (the "Petition") alleging he is being held in custody under a sentence that has been rendered defective by the recent Supreme Court case *Johnson v. United States*, 135 S. Ct. 2551 (June 26, 2015).

## DISCUSSION

This Court, in its discretion, has decided to apply Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts to cases such as these arising under 28 U.S.C. § 2241. *See* Rules Governing Section 2254 Cases in the United States District Courts, Rule 1(b).[1] Rule 4 requires the Court to "promptly examine" the Petition, and dismiss it if it "plainly appears . . . that the petitioner is not entitled to relief." Pursuant to Rule 4, the Court has examined the Petition. The Court has determined Petitioner's claims must be dismissed because he is not entitled to relief under § 2241 and the Court does not have jurisdiction to hear his claim.

As a federal prisoner challenging the validity of his sentence, Petitioner would ordinarily be required to bring his claim as a § 2255 motion in the sentencing court. However, a federal prisoner whose claim falls within the scope of a 28 U.S.C. § 2255 motion may nonetheless file for a writ of habeas corpus under 28 U.S.C. §

---

[1] *See also Poe v. United States*, 468 F.3d 473, 477 n.6 (7th Cir. 2006); *Hudson v. Helman*, 948 F. Supp. 810, 811 (C.D. Ill. 1996) (ruling Rule 4 takes precedence over 28 U.S.C. § 2243's deadlines and gives court discretion to set deadlines).

3

2241 in very limited circumstances as provided in § 2255(e). The specific provision reads:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [§ 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). This has the effect of barring most habeas corpus petitions filed by federal prisoners absent a showing that § 2255 is inadequate. *Id.*; *see also Collins v. Holinka*, 510 F.3d 666, 667 (7th Cir. 2007).

Thus, the initial question before this Court is whether a § 2255 motion would be "inadequate or ineffective to test the legality of [Petitioner's] detention." 28 U.S.C. § 2255(e). The mere fact that Petitioner's claim would be a second or successive § 2255 motion does not render § 2255 inadequate or ineffective. *See In re Davenport*, 147 F.3d 605, 609-10 (7th Cir. 1998). Nor does the fact that a previous § 2255 motion was denied make § 2255 inadequate to test the legality of sentence. *Stirone v. Markley*, 345 F.2d 473, 474 (7th Cir. 1965).

The Seventh Circuit has held that § 2255 is inadequate "when its provisions limiting multiple § 2255 motions prevent a prisoner from obtaining review of a legal theory that establishes the petitioner's actual innocence." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003); *see also In re Davenport*, 147 F.3d at 611 ("A federal prisoner should be permitted to seek habeas corpus only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion."). In

4

particular, where there is a change in the law that would render a prisoner actually innocent, yet <u>it is not a rule of constitutional law</u> that would allow the prisoner to bring a successive § 2255 motion pursuant to § 2255(h), § 2241 may be available. *In re Davenport*, 147 F.3d at 610.

The Seventh Circuit has held that § 2255 is only inadequate or ineffective when three requirements are satisfied: First, a petitioner "must show that he relies on a statutory-interpretation case rather than a constitutional case;" second, he "must show that he relies on a retroactive decision that he could not have invoked in his first § 2255 motion;" and third, "[the] sentence enhancement [must] have been a grave enough error to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding." *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013) (citations omitted) (internal quotation marks omitted).

Petitioner cannot satisfy the first retroactive case requirement. Petitioner bases his challenge on the Supreme Court's recent decision in *Johnson*, which has been held to have announced a new constitutional rule: "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." *Johnson*, 135 S. Ct. at 2563; *see also Price v. United States*, No. 15-2427, 2015 WL 4621024, at *1 (7th Cir. Aug. 4, 2015 ) (holding that *Johnson* "announces a new substantive rule of constitutional law that the Supreme Court has categorically made retroactive to final convictions."). Because Petitioner relies upon a new rule of constitutional law, he cannot make use of the § 2255 safety valve and bring this § 2241 petition under § 2255(e). Instead, he must bring his challenge pursuant to § 2255 rather than § 2241. Since Petitioner's

5

claim is non-cognizable under § 2241, his petition must be dismissed for lack of jurisdiction.

The Court also notes that even if it could reach the merits of Petitioner's claim, it would fail. Examination of the petition and the underlying criminal case docket reveals that Petitioner's sentence was not enhanced because his qualifying convictions fell under the now-invalid residual clause of 18 U.S.C. § 924(e)(2)(B)(ii), which applies to felony convictions involving "conduct that presents a serious potential risk of physical injury to another." Petitioner's sentence was enhanced because he committed arson, a felony specifically listed separate from the residual clause; assault, another felony that is separate from the residual clause and clearly contains an element of the use or attempted use of force against another as outlined in § 924(e)(2)(B)(i); and unlawful use of a weapon by exhibition, which under Missouri law was a felony offense punishable by a term of imprisonment of more than one year and also contained the element of the use or attempted use of force against another as outlined in § 924(e)(2)(B)(i). (*See* Doc 79 at 4, *United States v. Pulliam*, No. 6:07-cr-03047-ODS (W.D. Mo.)). Thus, Petitioner's sentence does not even implicate the residual clause and therefore his claim would ultimately fail on its merits.

## Conclusion

For the reasons stated above, Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) is DISMISSED WITH PREJUDICE for lack of jurisdiction. CASE TERMINATED.

IT IS SO ORDERED.

Entered this <u>5th</u> day of August, 2015.

                                                             <u>s/ Joe B. McDade</u>
                                                             JOE BILLY McDADE
                                          United States Senior District Judge